# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Christine A. Wiley,

    Plaintiff,

v.

FedEx Kinko's Office and Print Services, Inc.,
A Delaware Corporation, and Jeffrey Forsell,
an Individual,

    Defendants.
_____/

Case No. 07-15512

HONORABLE DENISE PAGE HOOD

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

**I.    INTRODUCTION**

This matter is before the Court on Defendants' Rule 12(b)(1) Motion To Dismiss, or in the alternative, to Stay Action and Compel Arbitration [Dkt. # 6, filed January 28, 2008] ("Motion"). Plaintiff filed a responsive brief ("Response"), and Defendants filed a reply brief ("Reply"). A hearing on the Motion was held on June 4, 2008.

**II.    FACTS**

This case concerns the enforcement of an employment arbitration agreement. Plaintiff initiated this suit against Defendents on December 28, 2007. The Amended Complaint alleges disability discrimination under federal law and the following violations under Michigan law: disability discrimination; age discrimination; retaliation; and intentional infliction of emotional distress. Plaintiff commenced her employment with Defendant FedEx Kinko's Office and Print Services, Inc. ("FedEx") in 1993. She alleges that the discrimination began in March of 2006.

The parties' relationship is governed by a Team Member Agreement ("TMA"), and an

Arbitration Agreement, which contains a mandatory arbitration clause. Plaintiff signed the Arbitration Agreement on January 20, 2004. Plaintiff signed the TMA on December 9, 2007.

Defendants argue that the parties have a valid arbitration agreement that mandates arbitration of Plaintiff's claims and ask the Court to stay this cause of action and compel the parties to proceed with arbitration pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, et seq. In the alternative, Defendants ask the Court to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(1). Plaintiff argues that she is not bound by the Arbitration Agreement, because it fails to identify the correct parties in interest, it contains a host of ambiguities when compared to a separate arbitration agreement contained within the TMA, and it denies her access to a forum due to exorbitant filing fees.

## III.   STANDARD OF REVIEW & APPLICABLE LAW

Federal Rule of Civil Procedure 12(b)(1) permits a court to dismiss an action for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) factual attack does not challenge the sufficiency of the pleadings; rather, it challenges the factual existence of subject matter jurisdiction. *U.S. v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A Rule 12(b)(1) factual attack analysis does not require a presumption of truthfulness with respect to the facts alleged in the complaint. *Id.*

> The applicable provision of the FAA provides:
>
> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3.

The district court must make "a number of threshold determinations before compelling arbitration." *Fazio v. Lehman Bros.*, 340 F.3d 386, 392 (6th Cir.2003). The district court must determine: 1) whether the parties agreed to arbitration; 2) the scope of the agreement to arbitrate; 3) if federal statutory claims are asserted, whether Congress intended those claims to be nonarbitrable; and 4) whether to stay the remainder of the proceedings pending arbitration if it concludes that some, but not all, of the claims in the action are subject to arbitration. *See id.* "[A]ny doubts regarding arbitrability should be resolved in favor of arbitration." *Id.*

## IV. ANALYSIS

At the outset the Court addresses one key point. Many of Plaintiff's arguments rest on the assumption that Exhibit 4 to her Response is applicable to this case. Exhibit 4 contains page 145 from the TMA and is titled "Arbitration Agreement." Defendants did not include this document in the Motion to Dismiss.

The Court concludes that Exhibit 4 is not applicable to this case. Although Plaintiff signed an acknowledgment that she had reviewed and agreed to the terms and conditions of employment included within the TMA, the TMA explicitly excludes any superceding effect of page 145. The "Entire Agreement" portion of the TMA reads:

> I understand that this agreement constitutes the entire agreement concerning the issues addressed above, and supercedes all previous agreements (**except . . . any Arbitration Agreement I . . . have executed with FedEx Kinko's**).

(Dkt. #6-4 at 2; Ex. B to Defs.' Mot.) (Emphasis added). Additionally, the Arbitration Agreement signed by Plaintiff reads:

> I understand that this agreement constitutes the entire agreement concerning the issues addressed above . . . [and] further understand that **this agreement may be changed only by further written agreement.**

(Dkt. #6-3 at 1; Ex. A to Defs.' Mot.) (Emphasis added). As Defendants correctly argue, the

3

Arbitration Agreement, alone, sets forth the terms and conditions of the parties' agreement to arbitrate any disputes. As noted above, Plaintiff's signing of the TMA on December 9, 2007 did not supercede the effect of her signing the Arbitration Agreement on January 20, 2004. The supersession language of the TMA explicitly provides for the exclusion of the January 20, 2004 Arbitration Agreement. Accordingly, the Court analyzes the parties' arguments with respect to arbitration by reference to the January 20, 2004 Arbitration Agreement only.

The Court addresses Plaintiff's arguments in turn. Plaintiff first argues that the Arbitration Agreement is not binding, because it references Kinko's and not FedEx Kinko's. This argument lacks merit. As noted by Defendants, the Arbitration Agreement explicitly applies to the "successors and assigns" of Kinko's. (Dkt. #6-3 at 1; Ex. A to Defs.' Mot.) FedEx acquired Kinko's on February 12, 2004. Accordingly, the Arbitration Agreement is binding between Plaintiff and FedEx Kinko's.

Plaintiff's second argument is that the Arbitration Agreement is unenforceable, because it contains a host of ambiguities. A contract is ambiguous "only if its language is reasonably susceptible to more than one interpretation." *Cole v. Ladbroke Racing Michigan, Inc.*, 241 Mich. App. 1, 13 (2000). However, the existence of a term in the contract, alone, does not establish ambiguity. *Id.* at 13. Plaintiff alleges ambiguity with respect to the cost of administrative and arbitrator costs and fees, the rules of discovery to be employed, and the right of Defendant to alter or delete any provision of the agreement. The basis of Plaintiff's claim of ambiguity is her assumption that there are two arbitration agreements – the January 20, 2004 Arbitration Agreement and the arbitration agreement included in the TMA – and that the language between the two agreements differs. However, as noted previously, by Defendants and by this Court, only the January 20, 2004 Arbitration Agreement is applicable here. Accordingly, Plaintiff's arguments

4

regarding ambiguity of the contract which controls arbitration are unpersuasive.

Plaintiff's third argument is that the Arbitration Agreement is economically unfair, because the filing fee for arbitration will total $6,000.00. Plaintiff's affidavit indicates that her combined family income, which includes the income of her husband, is less than $30,000.00, and that they have no savings. (Dkt. #12-5 at 3.) The affidavit further indicates that she cannot afford the $6,000.00 filing fee. (*Id.*)

Defendants concede that the Arbitration Agreement language regarding filing fees may be ambiguous, but note that they have since clarified the language with Plaintiff and agreed to pay the administrative costs of the arbitration.[1] Defendants further note that Federal American Arbitration Rules mandate that employers pay the costs of arbitration where, as here, the arbitration is mandated by employer promulgated plans. Under these circumstances, the Court concludes that enforcement of the Arbitration Agreement is proper. Any unfairness to Plaintiff by having to pay a filing fee to arbitrate is moot in light of Defendants' commitment to absorb this fee. Accordingly, Plaintiff's argument regarding unfairness is not convincing.

The Court's analysis cannot end without a consideration of the factors set forth in *Fazio*. The Court must determine: 1) whether the parties agreed to arbitration; 2) the scope of the agreement to arbitrate; 3) if federal statutory claims are asserted, whether Congress intended those claims to be nonarbitrable; and 4) whether to stay the remainder of the proceedings pending arbitration if it concludes that some, but not all, of the claims in the action are subject to arbitration. *See Fazio,* 340 F.3d at 392. "[A]ny doubts regarding arbitrability should be resolved in favor of arbitration." *Id.*

Here, the *Fazio* factors mandate arbitration. The parties have agreed to arbitrate their

---

[1]At the hearing, Defendants' counsel further clarified that the filing fee is included in the administrative costs of arbitration.

disputes, and the Arbitration Agreement controls the process by which the parties' arbitration shall proceed. Further, the scope of the arbitrable issues in the Arbitration Agreement explicitly includes Plaintiff's claims of disability discrimination, age discrimination, retaliation and emotion distress. (*See* Dkt. #6-3 at 1; Ex. A to Defs.' Mot.) Lastly, Federal claims alleging disability discrimination are arbitrable. *Hutchinson v. Earl Scheib*, 2007 WL 3053646, at *1 (E.D. Mich. Oct. 18, 2007) (citing *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105 (2001)). In light of the strong presumption in favor of arbitration, the balancing of the *Fazio* factors, and Plaintiff's failure to show any true unfairness by having to participate in arbitration, the Court will grant Defendants' Motion.

The Court addresses two final issues. At the hearing, Plaintiff's counsel made two requests to be considered if the Court were inclined to grant Defendants' Motion. First, he asked the Court to dismiss this action without prejudice. This request is granted.

Second, he asked the Court to order the arbitrator to employ the Federal Rules of Civil Procedure when conducting discovery. Defendants' counsel objected to this request. Because this request was not set forth in the pleadings, the Court declines to address it. Accordingly, Plaintiff's counsel's second request is denied.

## V. CONCLUSION

In light of the foregoing,

IT IS ORDERED that Defendants' Rule 12(b)(1) Motion To Dismiss, or in the alternative, to Stay Action and Compel Arbitration [Dkt. # 6, filed January 28, 2008] is **GRANTED**.

IT IS FURTHER ORDERED that the parties arbitrate pursuant to their January 20, 2004 Arbitration Agreement.

IT IS FURTHER ORDERED that this action is **DISMISSED WITHOUT PREJUDICE.**

                                                            s/ DENISE PAGE HOOD
                                                            DENISE PAGE HOOD
                                                            United States District Judge

DATED: June 6, 2008


Dated: June 6, 2008

       I hereby certify that a copy of the foregoing document was served upon counsel of record on June 6, 2008, by electronic and/or ordinary mail.

                                                            S/William F. Lewis
                                                            Case Manager